Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2017DCV1100

| | |
|---|---|
| Oscar Mendoza,Olivia Mendoza VS Allstate Vehicle and Property Insurance Company and Miguel Rojas | § § § § § |

Case Type: **Deceptive Trade Practices**
Date Filed: **03/31/2017**
Location: **County Court at Law 5**

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | Allstate Vehicle and Property Insurance Company | |
| **Defendant** | Rojas, Miguel | |
| **Plaintiff** | Mendoza, Olivia | Brent L. Klender *Retained* 210-734-7077(W) |
| **Plaintiff** | Mendoza, Oscar | Brent L. Klender *Retained* 210-734-7077(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 03/31/2017 | **Original Petition (OCA)** | Doc ID# 1 | |
| 03/31/2017 | **Case Information Sheet** | Doc ID# 2 | |
| 03/31/2017 | **E-File Event Original Filing** | | |
| 04/06/2017 | **Citation** | | |
| | Allstate Vehicle and Property Insurance Company | Served | 04/20/2017 |
| | | Returned | 04/27/2017 |
| | Rojas, Miguel | Served | 04/21/2017 |
| | | Returned | 04/27/2017 |
| 05/12/2017 | **Answer** | Doc ID# 5 | |



El Paso County - County Court at Law 5

Filed 3/31/2017 9:56:15 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1100

CAUSE NO. _____

| | | |
|---|---|---|
| OSCAR MENDOZA AND | § | IN THE DISTRICT COURT |
| OLIVIA MENDOZA | § | |
| | § | |
| *Plaintiffs,* | § | _____ JUDICIAL DISTRICT |
| | § | |
| vs. | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND | § | |
| MIGUEL ROJAS | § | EL PASO COUNTY, TEXAS |
| | § | |
| *Defendants.* | | |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Oscar Mendoza and Olivia Mendoza hereinafter referred to as "Plaintiffs", complaining of Defendants, Allstate Vehicle and Property Insurance Company, and Miguel Rojas hereinafter referred to as "Defendants" and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level III of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. RULE 47 STATEMENT

Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

### III. PARTIES

Plaintiff, Oscar Mendoza is an individual and resident of El Paso County, Texas.

Plaintiff, Olivia Mendoza is an individual and resident of El Paso County, Texas.



EXHIBIT
B-1

Defendant Allstate Vehicle and Property Insurance Company (hereinafter individually referred to as "Allstate") is an insurance company, which on information and belief, is eligible to conduct the business of insurance in Texas. It can be served with citation by serving C T Corporation System, by certified mail, return receipt requested, at: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**Service of process is requested by private process as authorized by this Court.**

Defendant Miguel Rojas (hereinafter individually referred to as "Rojas") is an insurance adjuster licensed in the State of Texas, which on information and belief, is eligible to conduct the business of insurance in Texas. Defendant Rojas can be served with citation by certified mail, return receipt requested: 1025 Creekside Ridge Dr., Roseville, CA 95678.

**Service of process is requested by private process as authorized by this Court.**

## IV. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in El Paso County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in El Paso County (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in El Paso County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in El Paso County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

## V.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS

A.    Plaintiffs are the holders of Policy Number; 000829997375 and maintained by Defendant Allstate (hereinafter referred to as the "Policy Number").

B.    Plaintiffs are owners of the property which is specifically located at: 5047 SAGITTARIUS AVE., EL PASO, EL PASO COUNTY, TEXAS 79924, (hereinafter referred to as the "Property").

C.    Defendant Allstate or their agents/representatives, sold a policy to Plaintiffs insuring the Property (hereinafter referred to as the "Policy").  Defendant Allstate represented to the Plaintiffs that the Policy was sufficient to cover any possible damages to the Property and Plaintiffs relied on those representations.

D.    Defendant Allstate represented that the Plaintiffs had adequate personal property and dwelling coverage for the benefit of the Plaintiffs' Property.

E.    On or about October 21, 2015, a wind and hailstorm caused significant damage to the exterior and also the interior of the Property as well of which Plaintiffs reported a loss to Defendant Allstate.

F.    Plaintiffs submitted a claim against the Policy for damage sustained to the Property as a result of the wind and hailstorm and Defendants assigned claim number: 0402666705 (hereinafter referred to as "Claim Number"). Plaintiffs requested that Defendant Allstate cover the cost of repairs to the Property, replace or repaired damaged covered personal property, and if warranted, allocated loss of use payment pursuant to the Policy and any other available coverage under the Policy.

G.    Prior to Plaintiffs purchasing the Policy, the Defendant Allstate represented to Plaintiffs that damages like what the Property sustained by the wind and hailstorm would be covered by the

Policy if such damage occurred. Defendant Allstate further represented that it was a quality insurance company, a reputable insurance company, with few complaints, and that Defendant Allstate would pay Plaintiffs fairly for damage to the Property in the event of a claim, that Defendants collectively would treat Plaintiffs fairly, and that Plaintiffs' Policy provided coverage for the Property. Moreover, Defendants collectively represented that they would not conduct an outcome-oriented investigation of Plaintiffs' claim, and that overall Plaintiffs would be adequately and fairly compensated if Plaintiffs' Property sustained damage from a wind and hailstorm and Plaintiffs made a claim under the Policy. These and other representations by Defendant Allstate were false and were either negligently made to Plaintiffs, recklessly made without any knowledge of their truth or their falsity, or they were made knowingly and intentionally regarding their falsity. These misrepresentations were made to induce Plaintiffs to purchase the Policy from Defendant Allstate, and Plaintiffs did, in fact, rely on these misrepresentations in deciding to purchase the Policy from Defendant Allstate.

H.      Without limitation, Defendant Rojas' narrow assessment negligently misrepresented the intentions to evaluate all the damages that had occurred by simply ignoring the damage to the entire Property with an outcome oriented analysis of minimal areas of the dwelling damages alone. Defendant Rojas failed to account for the cost of repair, replacement, and/or removal of the damaged Property as a result of the wind and hailstorm to return the property to pre-loss condition. Defendants have also failed to account for the Plaintiffs' out-of-pocket cost to mitigate the loss as well as the amount of insurance coverage for Plaintiffs' claim/loss under Plaintiffs' Policy.

I.      Defendants failed to properly adjust the claims and have denied at least a portion of the claim with an inadequate investigation by solely relying on Defendant Rojas' narrowly tailored and grossly misrepresented inspection, even though the Policy provides coverage for losses such as those suffered by Plaintiffs. On October 3, 2016, Defendant Allstate acknowledged an error

with Defendant Rojas' original estimate and tendered additional amounts towards resolution of the claim; however, Defendant failed to account for the time that had lapsed from the March 13, 2016 estimate through the date the error was identified.

J.     Furthermore, these false representations made by Defendant Rojas in the misrepresented damage assessment, that was intentionally incorporated by the Defendant Allstate to minimize payment on the claim, have and continue to allow Defendants to financially gain by wrongfully denying at least a portion of Plaintiffs' Claim.

K.     Plaintiffs' Claim still remains unpaid and they still have not been able to properly repair the Property due to the outcome-oriented investigation, misrepresentations, and failures of Defendants to properly adjust the damage and promptly submit full payment per the Policy.

L.     Defendants have failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant Allstate failed and refused to pay on the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property due to the wind and hailstorm. All conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant Allstate's conduct constitutes a breach of contract between the Defendant Allstate and Plaintiffs.

M.     Defendant Rojas' outcome-oriented investigation was a misrepresentation to Plaintiffs by failing to account for the total damages inflicted upon Plaintiffs' Property due to the wind and hailstorm. Defendant Allstate accepted the misrepresentations from Defendant Rojas, adopted and incorporated them into the denial of at least a portion of Plaintiffs' claim by indicating the loss was not covered. A second inspection was reportedly conducted by Defendant Allstate; however, no report of damage or estimate was ever produced. Defendants' conduct constitutes a violation of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer. TEX. INS. CODE Section 541.060 (a)(1).

N.    Defendant Allstate failed to make an attempt to settle Plaintiffs' claim in a fair manner, even though they were aware of their liability to Plaintiffs under the Policy.  Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(2)(A).

O.    Defendant Allstate failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant Allstate failed and refused to pay on the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant Allstate's conduct constitutes a breach of contract between the Defendants and Plaintiffs.

P.    Defendants and/or its representative, including Defendant Rojas' misrepresentations to Plaintiffs that they performed a thorough investigation; however, in reality Defendants refused to assess the total damages inflicted upon Plaintiffs' Property due to the wind and hailstorm. Defendants' conduct constitutes a violation of the Texas Insurance Code, Misrepresentation Regarding Policy or Insurer. TEX. INS. CODE Section 541.060 (a)(1).

Q.    Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, even though they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(2)(A).

R.    Defendant Allstate failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendant Allstate failed to offer Plaintiffs adequate compensation, without further investigating the damages cause to the dwelling and entire Property due to the wind and hailstorm. Furthermore, Defendant Allstate did not communicate that any possible future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs'

Claim. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(3).

S.     Defendant Allstate failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire Claim, in writing from Defendant Allstate despite the evidence presented depicting the wind and hailstorm. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

T.     Defendants refused to compensate Plaintiffs, under the terms of the Policy, because Defendants failed to conduct a reasonable investigation of the wind and hailstorm property. Specifically, Defendant Rojas performed a substandard, outcome-oriented investigation of Plaintiffs' damage by failing to fairly and adequately inspect the entire Property; Furthermore, Defendant Allstate accepted Defendant Rojas' misrepresentations of the Property damage and incorporated them into the denial of at least a portion of Plaintiffs' Claim. This negligently conducted inspection resulted in Defendant Allstate's biased, unfair, and inequitable evaluation of Plaintiffs' loses to the Property as covered by the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

U.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' Claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' Claim within the statutorily mandated deadline. Defendant Allstate's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

V.     Defendants failed to accept or deny Plaintiffs' full and entire Claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes

violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

W.  Defendants Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiffs' Claim without delay.   Specifically, Defendants have delayed full payment of Plaintiffs' Claim longer than allowed and, to date; Plaintiffs have not yet received full payment for their claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

X.  From and after the time Plaintiffs' Claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

Y.  As a result of all of Defendants' wrongful acts, misrepresentations, and omissions as set forth herein, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

Z.  Plaintiffs' experience is not an isolated case.   The wrongful acts, misrepresentations, and omissions committed by Defendants in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly biased and designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

According to the Insurance Policy that Plaintiffs purchased, Defendants have the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including

additional benefits under the Policy, resulting from wind and hailstorm. As a result of the cause of damage, which is a covered peril under the Policy, Plaintiffs' Property has been damaged.

Defendants' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendants' contract with Plaintiffs. As a result of this breach of contract, Plaintiffs' have suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code, including without limitation the misrepresentations made by any of the Defendants as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants.

Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' Claim, Defendants did not request from Plaintiffs any items and forms that it reasonably believed at that time would be required for adequately processing Plaintiffs' Claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiffs' Claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiffs' Claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiffs any additional monies on Plaintiffs' Claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA, including without limitation the misrepresentations made by the Defendants as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants. Plaintiffs are consumers or intended beneficiaries of goods and services provided by Defendants pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants.

By its acts, omissions, failures, and conduct that are described in this petition, The Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiffs that its insurance policy, adjusting, and investigative services such as Defendant Rojas' had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that its insurance policy adjusting and investigative services, and specifically Defendant Rojas' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised its insurance policy, adjusting and investigative services such as Defendant Rojas' estimate of damage would be fair and unbiased and of a particular standard, with actual intent to not sell to Plaintiff them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that its insurance policy and Defendant Rojas' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose information such as Defendants biased investigatory claims practices, was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience regarding but not limited to insurance procedures, and assessment of property damage to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition. Furthermore, Plaintiffs were the intended beneficiaries of Defendant Rojas' negligent outcome oriented inspection and misrepresented estimate of damage to the Property, to which Defendant Allstate incorporated them into the denial of at least a portion of Plaintiffs' claim. All of the above-described acts, omissions, and failures of

Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code, including without limitation the misrepresentations made by any of the Defendants as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants. Whereas, Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, Defendants' failure to pay for the damage to Plaintiffs' personal property and proper repair of Plaintiffs' real property on which liability had become reasonably clear; engaging in false, misleading and deceptive acts or practices in the business of insurance in this case; and misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue. They further include Defendants' failure to give Plaintiffs the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.  Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.  Engaging in unfair claims settlement practices;

C.  Defendant Rojas' negligently conducted an outcome oriented inspection of Plaintiffs' Property resulting in misrepresentations of pertinent facts or policy provisions relating to the coverage at issue, and Defendant Allstate's incorporation of those misrepresentations in refusing to pay at least a portion of the Claim;

D.  Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.  Failing to affirm or deny coverage of Plaintiffs' Claim within a reasonable time;

F.  Refusing to pay Plaintiffs' Claim without conducting a reasonable investigation with respect to the claim; and

G.  Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

## E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporates all the allegations of the preceding paragraphs for this cause of action, including without limitation the misrepresentations made by any of the Defendants as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants. By its acts, omissions, failures and conduct, Defendants have breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire Claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiffs' entire Claim and by failing to settle Plaintiffs' Claim because Defendants knew or should have known that it was reasonably clear that the Claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiffs' damages.

**F.      Misrepresentation**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants made misrepresentations as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendants. These misrepresentations were made to induce Plaintiffs to purchase the Policy from Defendants, and Plaintiffs did, in fact, rely on these misrepresentations in deciding to purchase the Policy from Defendants. Furthermore, Plaintiffs was the intended beneficiaries of Defendant Rojas' investigative services to which eventually revealed a misrepresentation of the actual damages to the Property, and Defendant Allstate incorporated those misrepresentations into the denial of at least a portion of Plaintiffs' Claim.

These negligent, reckless, or intentional misrepresentations of Defendants were the proximate cause of damage to the Plaintiffs.

**G.      Fraud**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. Defendants by and through its agents and/or representatives made false representations, and/or false promises to Plaintiffs. These false representations and/or false promises made by the Defendant Rojas were material misrepresentations or omissions of fact regarding the Property damage and Policy coverage, and Defendant Allstate incorporated those misrepresentations into the continued denial of at least a portion of Plaintiffs' claim. Defendant Rojas' outcome oriented investigation and biased claims process has now revealed that Defendant Allstate's representations, and/or promises were false and were made either intentionally, recklessly, or without regard to their truth, and with the intent to induce Plaintiffs into purchasing the insurance policy at issue, and accepting as true and

correct the adjustment of Plaintiffs' Claim. As a result of Defendants' material misrepresentations and omissions to which Plaintiffs detrimentally relied upon, Plaintiffs have suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants. These reckless and/or intentional misrepresentations of Defendants were the proximate cause of damage to the Plaintiffs.

### VIII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### IX. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' real property and any investigative and/or engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Furthermore, Plaintiffs' have suffered independent injuries due mental anguish, and also due to the increase in the costs of labor and materials to properly restore the Property to pre-loss condition from the April 23, 2014 loss through the present date of this pending claim. Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

### X. ADDITIONAL DAMAGES

Defendant also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of

Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs were done intentionally, with a conscious indifference to the rights, mental health and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. JURY DEMAND

Plaintiffs asserts Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIV. REQUEST FOR DISCLOSURE

Defendants, within 50 days after service of this Petition, are requested to furnish the information and material described in Texas Rules of Civil Procedure 190.2(6) and 194.2.

### XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and will recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**WAYNE WRIGHT, LLP**
5707 Interstate Ten West
San Antonio, Texas 78201
(210) 734-7077 (Telephone)
(210) 734-9965 (Facsimile)

By: /s/  Brent L. Klender   /s/
**BRENT L. KLENDER**
bklender@waynewright.com
**Texas State Bar No. 24095204**

**CHRISTOPHER MILLER**
cmiller@waynewright.com
**Texas State Bar No. 24025536**

HAROLD MCCALL
hmccall@waynewright.com
Texas State Bar No. 24054279

DON CROOK
dcrook@waynewright.com
Texas State Bar No. 00783901
**ATTORNEYS FOR PLAINTIFF**

El Paso County - County Court at Law 5     **CIVIL CASE INFORMATION SHEET**     Filed 3/31/2017 9:56:15 AM
Norma Favela Barceleau
District Clerk

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____     El Paso County

STYLED _Oscar Mendoza and Olivia Mendoza v. Allstate Vehicle and Property Insurance Company and Miguel Rojas_     2047DCV1100

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>Brent L. Klender<br><br>Address:<br>5707 I H Ten West<br><br>City/State/Zip:<br>San Antonio, TX 78201<br><br>Signature: | Email:<br>bklender@wbnowright.com<br><br>Telephone:<br>(210) 734-7077<br><br>Fax:<br>(210) 734-9965<br><br>State Bar No:<br>24095204 | Plaintiff(s)/Petitioner(s):<br>Oscar Mendoza<br><br>Olivia Mendoza<br><br>Defendant(s)/Respondent(s):<br>Allstate Vehicle and Property Insurance Company<br><br>Miguel Rojas<br><br>[Attach additional page as necessary to list all parties] | ☑ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other:<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non–Title IV-D)** |
| *Debt/Contract*<br>☑ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>    Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>    List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>  Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>  Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children<br><br><br>**Other Family Law**<br>☐ Enforce Foreign<br>  Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>  of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>  Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>  Rights<br>☐ Other Parent-Child: |
| **Employment** | | Other Civil | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>  Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | | *Probate & Mental Health* | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☑ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

**EXHIBIT**
6-2

Rev 2/13

# THE STATE OF TEXAS

Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1100

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, which may be served with process by serving its registered agent, C T CORPORATION SYSTEM, at 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201-3136.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Requests for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law Number 5, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 31ˢᵗ day of March, 2017, by Attorney at Law, BRENT L. KLENDER, 5707 INTERSTATE TEN WEST, SAN ANTONIO, TX 78201 in this case numbered 2017DCV1100 on the docket of said court, and styled:

OSCAR MENDOZA and OLIVIA MENDOZA
VS
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and MIGUEL ROJAS

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Requests for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 6ᵗʰ day of April, 2017

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Clerk

Attest:  NORMA FAVELA BARCELEAU  District

El Paso County, Texas

By _____, Deputy
Veronica Cables

Rule 106: "the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."  1363455

EXHIBIT
B-3

## SHERIFF'S RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition and Requests for Disclosure, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ cop ____ $ _____ Sheriff

_____ County, Texas

Total _____ $ _____ By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____

_____ on the _____ day of _____,

20____, at _____ o'clock ____m. this copy of this Instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE ____ DAY OF _____, 20____.

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS

7015 3430 0001 0199 4146
4-20
9:09A

CAUSE NO. 2017DCV1100

| | | |
|---|---|---|
| OSCAR MENDOZA AND OLIVIA MENDOZA | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | LAW NUMBER 5 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE | § | |
| COMPANY AND MIGUEL ROJAS | | |
| Defendant. | § | EL PASO COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared Teresa Ramos who, being by me duly sworn, deposed and said:

"The following came to hand on April 13, 2017, 8:00 am,

### CITATION & PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE,

and was executed on April 20 2017 by mailing to ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY DELIVERING TO IT'S REGISTERED AGENT CT CORPORATION SYSTEM at 1999 BRYAN STREET 900, DALLAS, TEXAS 75201, by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. 7015 3430 0001 0199 4146, a true copy of this citation.

The regular mail envelope WAS NOT returned. PS Form 3811 was returned on April 26, 2017 having been SIGNED ON April 20, 2017 and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Teresa Ramos
SCH# 10049 Expires 11-30-18
Bexar County, Texas

BEFORE ME, a Notary Public, on this day personally appeared Teresa Ramos, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON April 26, 2017

Notary Public, State of Texas

RICHARD D. RAMOS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-22-2018
ID# 5334105



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allstate Vehicle and Property Insurance Company by delivering to its registered agent CT Corporation System 1999 Bryan St. Suite 900 Dallas, Texas 75201

959v   31 5223 1480 98

2. Article Number (Transfer from service label)

7015 3430 0001 0199 4146

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Chris Wells   APR 20 2017

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

DALLAS, TX 75201

Certified Mail Fee  $3.35
$   $7.75   0204
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $_____
☐ Return Receipt (electronic)  $ $0.00   Postmark
☐ Certified Mail Restricted Delivery  $ $0.00   Here
☐ Adult Signature Required  $_____
☐ Adult Signature Restricted Delivery  $ $0.00
Postage  $3.08
Total Postage and Fees  $7.18
$

Allstate Vehicle and Property Insurance
1999 Bryan Street Suite 900
Dallas, Texas 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 3430 0001 0199 4146

Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1100

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney,  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   MIGUEL ROJAS, who may be served with process at 1025 CREEKSIDE RIDGE DR., ROSEVILLE, CA 95678 or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Requests for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 5**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 31st day of March, 2017, by Attorney at Law, BRENT L. KLENDER, 5707 INTERSTATE TEN WEST, SAN ANTONIO, TX 78201 in this case numbered 2017DCV1100 on the docket of said court, and styled:

**OSCAR MENDOZA and OLIVIA MENDOZA**
**VS**
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and MIGUEL ROJAS**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Requests for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 6th day of April, 2017

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Clerk

Attest:   NORMA FAVELA BARCELEAU   District

El Paso County, Texas

By _____, Deputy
Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."  1363444

**EXHIBIT**
B-4

## SHERIFF'S RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition and Requests for Disclosure, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, ~~SEE AFFIDAVIT~~ _____

the diligence used in finding said defendant being _____

and the cause of failure to execute this process ~~ATTACHED~~ _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ cop ____ $ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____   By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____

_____ on the _____ day of _____

20_____, at _____ o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

(SEAL)

_____
NOTARY PUBLIC, STATE OF TEXAS

7015 3430 0001 0199 4122
4-21
1:08 P

CAUSE NO. 2017DCV1100

| | | |
|---|---|---|
| OSCAR MENDOZA AND OLIVIA MENDOZA | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | LAW NUMBER 5 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE | § | |
| COMPANY AND MIGUEL ROJAS | | |
| Defendant. | § | EL PASO COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared Teresa Ramos who, being by me duly sworn, deposed and said:

"The following came to hand on April 13, 2017, 8:00 am,

CITATION & PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE,

and was executed on April 21, 2017 by mailing to MIGUEL ROJAS at 1025 CREEKSIDE RIDGE DR, ROSEVILLE, CALIFORNIA 95678, by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. 7015 3430 0001 0199 4122, a true copy of this citation.

The regular mail envelope WAS NOT returned. PS Form 3811 was returned on April 26, 2017 having been SIGNED ON April 21, 2017 and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Teresa Ramos
SCH# 10049 Expires 11-30-18
Bexar County, Texas

BEFORE ME, a Notary Public, on this day personally appeared Teresa Ramos, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON April 26, 2017

Notary Public, State of Texas

RICHARD D. RAMOS
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 03-22-2018
ID# 6334196

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Miguel Rojas

1035 Creekside Ridge Dr

Roseville, California 95678

9590 9403 0951 5223 1481 35

2. Article Number (Transfer from service label)

7015 3430 0001 0199 4122

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

4/17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

---

## U.S. Postal Service
## CERTIFIED MAIL RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

ROSEVILLE CA 95678

Certified Mail Fee   $3.35

$0.25                                    0204
                                           19
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $0.00
☐ Return Receipt (electronic)    $0.00      Postmark
☐ Certified Mail Restricted Delivery  $0.00   Here
☐ Adult Signature Required       $0.00
☐ Adult Signature Restricted Delivery  $0.00

Postage    $3.08

Total Postage and Fees            04/18/2017
$9.18

Sent To
Miguel Rojas
Street and Apt. No., or PO Box No.
1035 Creekside Ridge Dr
City, State, ZIP+4®
Roseville, California 95678

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7015 3430 0001 0199 4122

County - County Court at Law 5

Filed 5/12/2017 2:09:18 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV1100

## CAUSE NO. 2017DCV1100

| | | |
|---|---|---|
| OSCAR MENDOZA AND OLIVIA MENDOZA, | § § § | IN THE COUNTY COURT |
| **Plaintiffs,** | § § | |
| v. | § § | AT LAW NO. 5 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND MIGUEL ROJAS | § § § § | |
| **Defendants.** | § § | EL PASO COUNTY, TEXAS |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER

Comes now, Allstate Vehicle and Property Insurance Company ("Defendant"), Defendant in the above-entitled action, files its Original Answer and would show as follows:

## I.
## ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, allegations contained within Plaintiffs' Original Petition, and demands strict proof then by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.
## PRAYER

Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, but Defendant goes from here without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.



Respectfully submitted,

*/s/ Roger D. Higgins*
Roger D. Higgins
State Bar No. 09601500
Brandt R. Johnson
State Bar No. 00794030
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Facsimile:      (214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: brjohnson@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2017, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Brent L. Klender
Christopher Miller
WayneWright, LLP
5707 Interstate Ten West
San Antonio, Texas 78201

*/s/ Roger D. Higgins*
Roger D. Higgins